## Olszewski v. Plains Township Zoning Hearing Board

*Ralph J. Johnston,* for appellants.
*Robert T. Panowicz,* for appellee.

BROMINSKI, *J.,* August 3, 1983—This matter comes before the court upon an appeal by Vincent Olszewski, individually and as Executor of the Estate of Edith Kwiatkoski, Deceased, Theresa Micikas and Joseph Shanahan, from a decision of the Plains Township Zoning Hearing Board denying appellants' request to re-open a tavern lo-

cated at 165 East Carey Street in Plains Township, pursuant to Section 2.063 of the Plains Township Zoning Ordinance relating to non-conforming uses.

In their notice of appeal, appellants allege, inter alia, that the aforementioned Edith Kwiatkoski died testate on February 21, 1981, seized of the subject premises, together with a restaurant liquor license therefor, all of which she devised and bequeathed to her son, Vincent Olszewski, and her daughter, Theresa Micikas, (appellants); that the said Joseph Shanahan has entered into an agreement of sale with the other appellants to purchase the premises and license; that the premises are zoned residential; that the said decedent operated a tavern and restaurant on the premises for a period of approximately 40 years prior to her death; that the foregoing use of the premises antedated the adoption of the Plains Township Zoning Ordinance; that pursuant to Section 2.062 of the zoning ordinance such use of the premises constituted a lawful non-conforming use; that upon decedent's death, the executor of her estate placed the license in safekeeping with the Pennsylvania Liquor Control Board pending a sale of the license and premises; and that the board's denial of appellants' request to use the premises as a tavern-restaurant business was arbitrary, capricious, an abuse of discretion and contrary to the law.

No additional evidence has been presented, so that our scope of review is confined to the question of whether the board manifestly abused its discretion or committed an error of law in refusing to grant appellants' request.

In its written decision, dated February 21, 1983, the board concluded as a matter of law, as follows:

"1. This Board has carefully considered the testimony presented in this case and granting permission to re-open said tavern would have a detrimental

bearing on the health, safety and general welfare of the community.

2. This Board is of the opinion that the established (sic) has been closed for more than one year as in section 2.063.

3. This Board is of the belief that parking is inadequate as section 6.142."

Further, the order accompanying the board's findings and conclusions reads, in pertinent part, as follows:

". . . Article 2.063 clearly states that after one year closing of a non-conforming use, property, if can not be reopened and restored back to the R-2 usage of its zoning. In addition to article 2.063, articles 6.142 (Off-street parking), 6.1422 (Number of parking spaces required), 6.143 (Facilities or Requirements for Parking and/or Loading), 6.14323 (Surfacing), and 6.14324 (Lighting), all pertain to parking which is inadequate. In conclusion pages 1, 2, 3 of the Zoning Ordinance purposes clearly state the Board concerns for vehicle parking and danger of congestion in transportation. This would clearly pertain to this property if allowed to reopen as a tavern." (Parenthetical matter supplied.)

As set forth in the Board's Findings of Fact, Section 2.063 of the zoning ordinance provides as follows:

"A non-conforming use of a building or portion thereof which is hereafter discontinued for a continuous period of twelve (12) months shall not again be used except in conformity with the regulations of the district in which such building is located."

The only witnesses who appeared before the Board and presented testimony were appellants, Vincent Olszewski and Joseph Shanahan. Mr. Olszewski testified that his mother, Edith Kwiatkoski, operated a tavern from which she sold

beer, liquor and food for a period in excess of 42 years and until December 29, 1980, when she became ill. She died on February 21, 1981.

Mr. Shanahan testified that he intended to reopen the bar and make it a friendly neighborhood bar where one might purchase beverages and food. He further stated he had adequate parking space.

No testimony was offered generally in opposition to appellants' application or specifically, in support of the board's ultimate conclusion that the non-conforming use had been abandoned.

In view of the record before us, we believe that the board's decision is erroneous and must be reversed.

The word "discontinued", appearing in Section 2.063 of the ordinance quoted above, to have any legal effect, must be synonymous with an "abandonment". And, a finding of abandonment requires some proof of an intent to relinquish the use voluntarily, or proof of facts from which such an intent can be inferred. Moreover, the burden of establishing that a non-conforming use has been abandoned is on the municipality, or upon the protestants, if any. Upper Darby Township Appeal, 391 Pa. 347 138 A.2d 99 (1958); Haller Baking Company's Appeal, 295 Pa. 257, 145 Atl. 77 (1928), and Pennsylvania Zoning Law and Practice, Ryan, 1981, Section 7.3.1.

The facts in the record before us indicate that Mr. Olszewski's mother ceased operating the business solely because of ill health, a circumstance beyond her control. There is no evidence whatsoever of any intent to relinquish the use voluntarily by anyone. On the contrary, we believe that the placement of the liquor license in safekeeping, or escrow, with the Pennsylvania Liquor Control Board is clear indication of an intention to further utilize the license.

rather than to abandon it. Furthermore, there is absolutely no evidence whatsoever in the record to support any of the board's findings or conclusions with respect to its contention that parking is inadequate.

Finally, we find no merit in the board's contention that appellants are precluded by Section 8.0223 of the zoning ordinance from requesting permission to reopen the business for a period of one year. The board's decision fails to cite such Section as a reason for denying appellants' request, and thus, same is not properly before us.

We conclude, therefore, that no abandonment of the lawful non-conforming use occurred and that the board's contrary conclusion was erroneous.

Accordingly, we enter the following

### ORDER

It is hereby ordered, adjudged and decreed that the decision of the Plains Township Zoning Hearing Board is reversed.

Appellants are granted permission to reopen a tavern located at 165 East Carey Street, Plains Township, as an existing non-conforming use in accordance with their request.